IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LIOMAR MÁRQUEZ, et al.,

Plaintiffs,

v.                                                                      CIVIL 07-1340 (GAG) (JA)

PEDRO TOLEDO, SUPERINTENDENT
OF THE PUERTO RICO POLICE
DEPARTMENT, et al.,

Defendants

ORDER

This matter comes before the court on plaintiffs' emergency motion requesting an order to compel the Puerto Rico Police Department Public Integrity Office to refrain from contacting plaintiff Liomar Márquez (hereinafter "Márquez"). (Docket No. 69.) Having considered the arguments of the parties and for the reasons set forth below, plaintiff Márquez' motion is GRANTED.

On January 25, 2007, police officers Jesley Ann Márquez Arés and Javier Santiago Velázquez came to plaintiff Márquez' home, shot plaintiff Márquez nine (9) times, shot and killed plaintiff Márquez' wife, Ruth Velázquez, and shot and killed Márquez' parents, Laudelino Márquez and Luz Eneida Arés. (Docket No. 3, at 9, ¶¶ 27 & 29.) Present to witness this scene were Márquez' minor children, Alondra and Liomar Márquez Velázquez. (Id. ¶¶ 28 & 29.)

CIVIL 07-1340 (GAG) (JA)                    2

Officer Javier Santiago Velázquez does not deny that he shot and killed plaintiff Márquez' family, but claims that plaintiff Márquez initiated the firefight and used his wife and parents as human shields.  (Docket No. 38, at 2, ¶ 7.)

On April 24, 2007, plaintiff Liomar Márquez, on behalf of his children and deceased spouse and parents, filed an action pursuant to 42 U.S.C. § 1983 against, among others, Pedro Toledo Dávila, in his official and individual capacity as Chief of Police of the Puerto Rico Police Department (Docket No. 1, at 3, ¶ 8), Colonel Margarita Carasquillo López in her official and individual capacity as Director of the Puerto Rico Police Department Public Integrity Office ("Public Integrity Office") (id. ¶ 9), Jaime Rodríguez in his official and individual capacity as an ex-director of the Public Integrity Office (id. at 4, ¶ 10), Francisco Quiñones in his official and personal capacity as an ex-director of the Public Integrity Office (id. ¶ 11), Javier Santiago Velázquez (hereinafter "Santiago Velazquez") in his individual capacity (id. at 5, ¶ 16) and Jesley Ann Márquez Arés (hereinafter "Marquez Arés") in her individual capacity (collectively "defendants").  (Id. at 6, ¶ 17.)  The complaint was amended April 25, 2007.  (Docket No. 3.)

Plaintiff Márquez had previously lodged an administrative complaint against officers Santiago Velázquez and Márquez Arés with the Bureau of Special Investigations of the Department of Justice on May 26, 2006.  (Docket No. 3, at 10, ¶ 31; Docket No. 16, at 3, ¶ 31.)  In that complaint, plaintiff Márquez stated

CIVIL 07-1340 (GAG) (JA)			3

he felt intimidated, persecuted, and feared for his life due to officers Santiago Velázquez and Márquez Arés' conduct.  (Docket No. 3, at 10, ¶ 31.)  Plaintiff Márquez' administrative complaint was transferred to the Superintendent of the Puerto Rico Police Department, Pedro Toledo Dávila.  (Id. ¶ 32.)  Plaintiff Márquez alleges that nothing ever came of this administrative complaint.  (Id.)

Sometime between January 28 and February 8, 2008, officer Danilo Soler, of the Puerto Rico Police Department Public Integrity Office, made direct contact with plaintiff Liomar Márquez, calling him at his personal phone and attempting to serve him with a subpoena demanding his appearance at the Public Integrity Office.  (Docket No. 69, at 1, ¶¶ 1 & 2.)

Defendants claim that, because the director and ex-directors of the Public Integrity Office – and not the Public Integrity Office itself – are defendants in this case, there is nothing improper about the Public Integrity Office contacting the plaintiff directly.  (Docket No. 71, at 2, ¶ 3.)  The defendants claim that the Public Integrity Office is contacting plaintiff Márquez in relation to the administrative complaint he filed against officers Márquez Arés and Santiago Velázquez in May 2006.  (Id. ¶ 4.)

The Supreme Court has held that "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  Kentucky

CIVIL 07-1340 (GAG) (JA)                            4

v. Graham, 473 U.S. 159, 166 (1985) (citing Brandon v. Holt, 469 U.S. 464, 471-72 (1985)).

Here, since plaintiff Márquez did not name the Puerto Rico Police Department as one of the defendants, it would appear that the Department, along with its Public Integrity Office, are third parties to the action, and so able to contact plaintiff Márquez directly. However, that would be an overly formalistic interpretation of the rule.

A section 1983 claim against a public official in his official capacity "is *not* a suit against the official *personally*, for the real party in interest is the entity." Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 544 (1986) (citing Kentucky v. Graham, 473 U.S. at 166) (emphases added); see Sistemas Urbanos, Inc. v. Lugo Ramos, 413 F. Supp. 2d 96, 102 (D.P.R. 2006); Medina Pérez v. Fajardo, 257 F. Supp. 2d 467, 472 (D.P.R. 2003).

There is no doubt that plaintiff Márquez' action against the Chief of Police, Director and ex-directors of the Public Integrity Office, along with numerous other police officials and the officers guilty of killing most of plaintiff Márquez' family is also a suit against the Puerto Rico Police Department and its Public Integrity Office generally. Stating otherwise would be putting form over substance.

The Federal Rules of Civil Procedure provide that "every paper relating to discovery required to be served upon a party . . . shall be served upon them in

CIVIL 07-1340 (GAG) (JA)                    5

the manner provided for service of summons under Rule 4." Fed. R. Civ. P. 5(a). "Service under Rules 5(a) and 77(d) on a party represented by an attorney is made on the attorney unless the court orders service on the party." Fed. R. Civ. P. 5(b)(1).

The Puerto Rico Police Department Public Integrity Office is aware that its Director is being sued in her official capacity.  The Public Integrity Office is also aware that plaintiff Márquez is represented by counsel in the instant case. Harassing plaintiff Márquez under the auspices of conducting an investigation in an administrative matter he filed almost two years ago, and then claiming such is not improper based on a trivial pleading technicality, is in poor form and bad taste, and has a chilling effect on plaintiff's efforts to seek what limited justice remains in his life.

Plaintiff Márquez' motion requesting that the Public Integrity Office be compelled to refrain from contacting him directly is GRANTED.

SO ORDERED.

At San Juan, Puerto Rico, this 22nd day of February, 2008.

                                                          S/ JUSTO ARENAS
                                       Chief United States Magistrate Judge